IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

Sharon Denise Sullivan                                                                 Plaintiff

v.                              No. 5:14-CV–432-DPM-JTK

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration                                                Defendant

### Recommended Disposition

#### Instructions

The following recommended disposition was prepared for U.S. District Judge D.P. Marshall.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Marshall may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Sharon Denise Sullivan seeks judicial review of the denial of her application for supplemental security income (SSI).³ Sullivan last worked as a substitute teacher.⁴ She claims she has been disabled since she stopped working in May 2012,⁵ but a claimant isn't eligible for SSI before applying.⁶ Consequently, this case considers whether Sullivan was disabled beginning July 11, 2012. Sullivan based disability on HIV infection, left knee surgery, arthritis, left eye blindness, torn ligament in the left knee, kidney problems, liver problems, Hepatitis B, and an overworked heart.⁷

**The Commissioner's decision**. After considering the application, the ALJ identified severe impairments — status post left knee replacement, bilateral knee osteoarthritis, left eye blindness, kidney disease, and obesity⁸ — and determined Sullivan can do some sedentary work.⁹ Because a vocational expert identified available

---

³SSA record at p. 140 (applying on July 11, 2012 and alleging disability beginning March 1, 2001).

⁴*Id*. at pp. 38, 155 & 168.

⁵*Id*. at p. 36 (amending initial onset date of March 1, 2001 to May 15, 2012, day she stopped working).

⁶20 C.F.R. § 416.335; *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

⁷SSA record at p. 154.

⁸*Id*. at p. 15.

⁹*Id*. at p. 16.

sedentary work,[10] the ALJ concluded that Sullivan isn't disabled and denied the application.[11] After the Appeals Council denied review,[12] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[13] Sullivan filed this case to challenge the decision.[14]

**Sullivan's allegations**. Sullivan contends the ALJ failed to properly reconcile medical opinion evidence. She says the ALJ provided an insufficient explanation for rejecting her primary care physician's (PCP) medical statement. She maintains the opinion is well-supported and consistent with other evidence. She complains because agency medical experts didn't review later evidence documenting knee surgery. She contends the ALJ committed reversible legal error.[15]

**Applicable legal principles**. When reviewing a decision denying an application for SSI, the court must determine whether substantial evidence supports the decision

---

[10]*Id*. at pp. 65-66.

[11]*Id*. at p. 24.

[12]*Id*. at p. 1.

[13]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[14]Docket entry # 1.

[15]Docket entry # 13.

and whether the ALJ made a legal error.[16] For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to support the determination that Sullivan can do some sedentary work and that work exists that Sullivan can do.[17] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[18] The ALJ placed the following limitations on sedentary work:

> (1) no climbing ladders, ropes or scaffolds;
>
> (2) occasional climbing ramps/stairs, stooping, kneeling, crouching, crawling, and balancing;
>
> (3) no jobs requiring good peripheral vision or good depth perception; and
>
> (4) jobs permitting a worker to sit/stand at will.[19]

For the following reasons, a reasonable mind will accept the evidence as adequate to show Sullivan can work within these limitations:

---

[16]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[17]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) (substantial evidence exists if a reasonable mind will accept evidence as adequate to support conclusion).

[18]20 C.F.R. § 416.967(a).

[19]SSA record at p. 16.

1. **Sullivan has no very serious functional limitation preventing sedentary work**. Sedentary work "represents a significantly restricted range of work. Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[20]

Two impairments reduce Sullivan's ability to work: left eye blindness and osteoarthritis in the knees. Sullivan did not show left eye blindness prevents her from working. She lost the sight in her left eye in 2009.[21] She worked as a substitute teacher using the vision in her right eye until May 2012. The ALJ excluded work requiring good peripheral vision and good depth perception to accommodate the loss of vision.

Osteoarthritis in the knees limits the ability to stand, walk, climb, stoop, kneel, crawl, crouch, and balance. Both knees were replaced after Sullivan applied for SSI — the left knee during the time period for which benefits were denied,[22] and the right knee after the time period for which benefits were denied.[23] Sullivan's knees do not prevent sedentary work because that type of work doesn't require much walking or standing, and little or no climbing, stooping, kneeling, crawling, crouching, and balancing . Sedentary work involves mostly sitting. Treatment records reflect no problems with sitting. The ALJ required a sit/stand option because Sullivan says she must alternate between sitting and standing.

Sullivan's other medical problems do not prevent sedentary work. She's had those impairments for several years. Her blood pressure is

---

[20]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

[21]SSA record at p. 329.

[22]*Id*. at p. 313.

[23]*Id*. at p. 381.

controlled.[24] Kidney function is stable.[25] Hepatitis B is asymptomatic.[26] HIV infection is contained with anti-HIV drugs.[27] Treatment records reflect no very serious functional limitation preventing sedentary work.

Agency medical experts didn't review later evidence documenting the left knee replacement, but the ALJ responded appropriately by reducing the estimate of Sullivan's ability to work from light work[28] to sedentary work. A reasonable mind will accept the evidence as adequate to support the determination that Sullivan can do some sedentary work.

2. **The ALJ provided a sufficient explanation for rejecting the PCP's statement**. The ALJ must consider all credible evidence, to include medical opinion evidence, when considering whether a claimant is disabled.[29] The Commissioner's rules instruct the ALJ to give a treating physician's medical opinion controlling weight if it "is well-supported and not inconsistent with the other substantial evidence in the case record."[30]

The record includes three medical opinions: two from agency medical experts and one from a treating physician. The agency medical experts opined that Sullivan can do light work.[31] Sullivan's PCP reported

---

[24]*Id*. at pp. 282, 299, 303 & 527.

[25]*Id*. at pp. 282, 299, 303 & 527.

[26]*Id*. at pp. 347 & 360.

[27]*Id*. at p. 351 (most recent lab results).

[28]*Id*. at pp. 75 & 85. The reduction was based on HIV infection.

[29]20 C.F.R. § 416.927.

[30]SSR 96-2p, *Pol'y Interpretation Ruling Titles II & XVI, Giving Controlling Weight to Treating Source Med. Opinions*.

[31]SSA record at pp. 75 & 85.

disabling symptoms.[32]

Sullivan suggests the ALJ erred by failing to specify the weight given to medical opinions, but her real complaint is the failure to give the PCP statement controlling weight. The ALJ determined the statement "is not fully supported by the weight of substantial evidence and as such is not entitled to controlling weight on the issue of disability."[33] The ALJ observed that the PCP's course of treatment "has not been consistent with what one would expect if the claimant were truly disabled, as the doctor reported."[34] The question for review isn't whether the ALJ should have specified the amount of weight, but whether the statement is well-supported and consistent with other substantial evidence so as to justify controlling weight.

The statement isn't well-supported. Treatment records document painful knees, but nothing implicating disabling limitations. The left knee was replaced 28 weeks before the date of the unfavorable decision.[35] Two weeks later, Sullivan walked without a limp.[36] Diagnostic imaging showed the new knee was in excellent position.[37] The right knee was replaced 8 weeks after the unfavorable decision. Four months later, Sullivan walked with a limp. Treatment records reflect no basis for reported limitations with sitting, bending, twisting, or using the hands.

The PCP statement is inconsistent with other substantial evidence. For example, according to the PCP, Sullivan can sit for 20 minutes at a time,

---

[32]*Id.* at p. 347. The PCP provided a later statement, *id.* at p. 360, but that statement falls outside the time period for which benefits were denied.

[33]*Id.* at p. 22.

[34]*Id.* at p. 21.

[35]*Id.* at p. 313.

[36]*Id.* at p. 310.

[37]*Id.*

for no more than two hours per day,[38] but Sullivan said she can sit for about 30 minutes before she needs to get up and move around. The PCP reported disabling limitations with the hands,[39] but Sullivan did not mention her hands in describing her symptoms.[40] Treatment records — from various medical sources — document no complaints about sitting or using the hands. The PCP statement deserved no controlling weight because it is not supported and it is inconsistent with other substantial evidence.

3. **Work exists that Sullivan can do**. After determining Sullivan can no longer work as a substitute teacher, the ALJ questioned a vocational expert about available sedentary work.[41] The vocational expert identified jewelry preparer and charge account clerk as representative jobs.[42] Both jobs permit a worker to alternate between sitting and standing.[43] The availability of the representative jobs shows work exists that Sullivan can do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[44] Because such work exists, Sullivan isn't disabled under social security law.

## Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind will

---

[38]*Id*. at pp. 347-48.

[39]*Id*. at p. 350.

[40]*Id*. at p. 175 (knees, eyes, kidneys, Hepatitis B), pp. 187-88 (knees, eyes), p. 191 (knees, eyes, chest pain, arms), p. 199 (knees, eyes, ankles), p. 202 (knees) & p. 206 (knees, legs, eyes).

[41]*Id*. at pp. 64-66.

[42]*Id*. at p. 65.

[43]*Id*. at p. 66.

[44]42 U.S.C. § 1382c(a)(3)(B).

accept the evidence as adequate to support the decision. Sullivan's impairments do not prevent her from doing sedentary work. The ALJ made no reversible legal error. For these reasons, the undersigned magistrate judge recommends DENYING Sullivan's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 8th day of October, 2015.

_____
United States Magistrate Judge